UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

FEB 2 6 2014

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                                     )<br>      Plaintiff,                                 )<br>                                                     )     NO    **4:14CR0051 ERW/NAB**<br>vs.                                              )<br>                                                     )<br>BRADLEY FERGUSON,                 )<br>                                                     )<br>      Defendant.                            )<br>                                                     ) | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1

### MAIL FRAUD

A.   INTRODUCTION

At all times relevant to the Indictment:

1.   The Federal Insurance Contributions Act (FICA) mandates that employees and employers pay old age, survivors, disability, and hospital insurance taxes. Employers must deduct the employee's share of the taxes from the wages paid to the employee and also pay the employer share of FICA taxes. Employers are also required to deduct federal income taxes from the wages paid to the employee. Further, employers are required to collect, truthfully account for, and pay over the FICA and federal withholding taxes on a quarterly basis, using Internal Revenue Service (hereinafter referred to as "IRS") Form 941.

2.   Paymaster Business Solutions, Inc. (hereinafter referred to as "Paymaster"), was a business located in Fenton, Missouri. Paymaster offered business clients payroll tax services which included the preparation of IRS Forms 941 (the Employer's Quarterly Federal Tax

Return), and the transmission of federal tax deposits. Paymaster's services also included the electronic transfer of federal tax deposits from the clients' bank accounts to a Paymaster bank account, at which time Paymaster was required to transfer those funds to the IRS on behalf of the client businesses. Paymaster contracted with its clients to make their federal tax deposits timely and gained authorization from its clients to draft monies directly from their bank accounts by automated clearing house transfer (hereinafter referred to as "ACH"). Paymaster also obtained authorization by way of Power of Attorney to represent Paymaster's clients before the IRS in the event issues arose relative to the client businesses' tax liabilities.

3. Defendant **BRADLEY FERGUSON** (hereinafter referred to as "**FERGUSON**") was the President of Paymaster. **FERGUSON** ran the day to day operations of Paymaster, entered into contracts with Paymaster's business clients, and directed the employees of Paymaster in all aspects of Paymaster's business. **FERGUSON** caused one or more Paymaster business clients to execute Power of Attorney forms permitting **FERGUSON** to represent those business clients before the IRS relative to the business clients' federal tax matters which Paymaster was hired to conduct.

B. SCHEME TO DEFRAUD

4. From in or about January, 2005, and continuing through at least January, 2014, both dates being approximate and inclusive, within St. Louis County, Missouri, in the Eastern District of Missouri and elsewhere, defendant,

**BRADLEY FERGUSON**,

devised, intended to devise, and knowingly participated in a scheme to defraud and obtain money from numerous Paymaster business clients, by means of materially false and fraudulent pretenses, representations, and promises.

2

5. It was a part of the scheme that, at **FERGUSON'S** direction, Paymaster contracted with one or more businesses in the St. Louis, Missouri area to provide payroll and tax related services. These client businesses included, but are not limited to: First Baptist Church of O'Fallon, Missouri; PS Kids, LLC; Benchmark Healthcare, LLC; Bank of Franklin County, Missouri; Salon Joli and Spa; Jim Casey Youth Organization; Signature Advisors Group Limited; and, J Bathe Electric (hereinafter referred to jointly, along with additional unnamed businesses, as "Paymaster business clients").

6. It was a further part of the scheme that, relative to the Paymaster business clients, Paymaster, at **FERGUSON'S** direction, drafted funds directly from Paymaster business clients' bank accounts in order to pay those Paymaster business clients' federal tax liabilities.

7. It was a further part of the scheme that, Paymaster, at **FERGUSON'S** direction, failed on one and more occasions to forward the Paymaster business clients' funds to the IRS in order to pay the Paymaster business clients' federal tax liabilities then due and owing, despite having drafted sufficient funds from the Paymaster business clients' bank accounts.

8. It was a further part of the scheme that, Paymaster, at **FERGUSON'S** direction, drafted in excess of $2,700,000.00 from Paymaster business clients' bank accounts for the purpose of paying the Paymaster business clients' federal, state, and local tax liabilities, as well as FICA liabilities, for the period July, 2013 through December, 2013.  Further, at **FERGUSON'S** direction, these Paymaster business clients' funds were not forwarded to the IRS as Paymaster represented they would be to the Paymaster business clients.

9. It was a further part of the scheme that, instead of forwarding the Paymaster business clients' funds to the proper taxing authorities, **FERGUSON** used those funds, in whole or in part, for personal use, unrelated to the legitimate business operations of Paymaster..

10. It was a further part of the scheme that, on one and more occasions, **FERGUSON,** as Power of Attorney for PAYMASTER business clients, was contacted directly by the IRS and questioned as to the failure of the Paymaster business clients to have remitted moneys to pay their federal tax liabilities. Further, **FERGUSON** failed to advise the Paymaster business clients of the IRS contacts.

11. It was a further part of the scheme that, on one and more occasions, **FERGUSON** prepared IRS Forms 941 for Paymaster business clients falsely reflecting that payments had been properly made to the IRS for the Paymaster business clients' federal tax liabilities when, in fact, the payments had not been made to the IRS. Further, **FERGUSON** provided these false forms to the Paymaster business clients in order to conceal his scheme. It was a further part of the scheme that, on one and more occasions, **FERGUSON** failed to file IRS Forms 941 for Paymaster business clients with the IRS, in order to conceal his scheme.

12. It was a further part of the scheme that, on one or more occasions, **FERGUSON** made false statements to Paymaster business clients in instances when those clients learned that Paymaster had not forwarded their funds to the proper taxing authorities. **FERGUSON** falsely represented that Paymaster had made the tax payments on behalf of the client when, in fact, the payments had not been made. **FERGUSON** made those false statements to conceal his scheme.

13. It was a further part of the scheme that, on one and more occasions, **FERGUSON** directed that payments be made to the IRS on behalf of a Paymaster business client only after the client had discovered that their funds had not previously been remitted to the IRS. **FERGUSON** directed these payments in order to conceal his scheme.

14. It was a further part of the scheme, and in order to conceal the scheme, that during December, 2013 **FERGUSON** retained the services of a commercial shredding company and

4

directed that the Paymaster business client records be shredded and removed from the Paymaster offices.

C. THE MAILING

15. On or about October 27, 2013, within St. Louis County, Missouri, in the Eastern District of Missouri, and elsewhere, the defendant,

**BRADLEY FERGUSON,**

for the purpose of executing and attempting to execute the above-described scheme to defraud, did knowingly cause to be delivered by the United States Postal Service, according to the directions thereon, a false and fraudulent IRS Form 941 Employer's Quarterly Federal Tax Return for Salon Joli and Spa, falsely reflecting and representing moneys withdrawn from Salon Joli and Spa bank account for federal tax liability and remitted to the IRS, said document having been mailed from Paymaster, 1702 Gilsinn Lane, Fenton, Missouri 63026 and delivered to Salon Joli and Spa, 333 Ozark Trails Drive, Ellisville, Missouri 63011.

All in violation of Title 18, United States Code, Section 1341.

## Count 2

### Money Laundering

On or about November 12, 2013, within the Eastern District of Missouri and elsewhere, defendant,

**BRADLEY FERGUSON,**

did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is **FERGUSON** caused a cash withdrawal to be made in the amount of $500,000.00 from Paymaster Business Solutions, Inc. account number X3944 at US Bank, said



funds having been derived from a specified unlawful activity, namely Mail Fraud as alleged in Count 1 of this Indictment.

All in violation of Title 18, United States Code, Section 1957.

### FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1341, as set forth in Count One, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to said offense. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

2. Pursuant to Title 18, United States Code, Section 982(a), upon conviction of an offense in violation of Title 18, United States Code, Section 1957, as set forth in Count Two, the defendant shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such offense. Subject to forfeiture is a sum of money equal to the total value of any property, real of personal, involved in such offense or traceable to such offense.

3. Specific property subject to forfeiture includes, but is not limited to, the following:

    a. approximately $375,058.29 in monies, funds, and financial instruments attributable to, supporting, or representing the value of Commerce Bank Cashier's Check Number ▮8418, drawn on account ▮6675 at Commerce Bank on or about January 27, 2014; and

    b. all monies, funds, and financial instruments up to $850,000.00 deposited in or credited to Bank of America account ▮0928 in the name of Bradley Ferguson.

4.      If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty, the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
HAL GOLDSMITH
Assistant United States Attorney